UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

IMHOTEP H'SHAKA,

          Plaintiff,

  -v.-              9:17-CV-108
                   (LEK/ATB)

JOSEPH BELLNIER, et al.,

         Defendants.

ALISSA R. HULL, ESQ., STEVEN G. STORCH, ESQ., MICHAEL CASSIDY, ESQ.
Prisoners' Legal Services, for Plaintiff

ANDREW T. BAXTER, United States Magistrate Judge

**ORDER**

The Clerk has sent to the court for review a complaint, together with an application to proceed in forma pauperis ("IFP"), filed by Prisoners' Legal Services on behalf of plaintiff Imhotep H'Shaka. (Dkt. Nos. 1, 2).

**I. IFP Application**

Upon review of plaintiff's IFP application (Dkt. No. 2), the Court finds that plaintiff has demonstrated sufficient economic need and may commence this action without prepayment of the filing fee. Plaintiff has also filed the inmate authorization form required in this District. (Dkt. No. 3). Accordingly, plaintiff's IFP Application is granted.[1]

**II. Complaint**

In his complaint, plaintiff alleges that he has been held in the Special Housing

---

[1] "28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010). "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id.* (citing 28 U.S.C. § 1915(b) and *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Unit ("SHU") or in Administrative Segregation ("Ad Seg.") for twenty years at various facilities in the Department of Correction and Community Supervision ("DOCCS"). (Complaint ("Compl.") ¶ 8). Plaintiff challenges the constitutionality of the conditions of his confinement and the lack of appropriate review of its continued necessity. (Compl. ¶¶ 18-43 (Ad. Seg.),[2] 122-60 (Discussing Periodic Review). For a more complete statement of plaintiff's claims, reference is made to the complaint herein.

The complaint contains five causes of action: (1) violation of the Eighth and Fourteenth Amendment right to be free from cruel and unusual punishment relating to the conditions of plaintiff's confinement; (2) violation of plaintiff's Eighth and Fourteenth Amendment right to proper medical and mental health care; (3) violation of plaintiff's Eight and Fourteenth Amendment right to be free from cruel and unusual punishment relating to the length of his restricted confinement; (4) & (5) violation of plaintiff's right to Due Process under the Fourteenth Amendment relating to the inadequacy of the periodic review of his restricted confinement and the effect of his confinement on his chances for parole. (Compl. ¶¶ 172-89). Plaintiff seeks declaratory, injunctive, and monetary relief. (Compl. Prayer for Relief). The Court finds that the complaint alleges enough to warrant a responsive pleading.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP Application (Dkt. No. 2) is **GRANTED**. The Clerk shall provide the Superintendent of the facility, designated by plaintiff as his current location, with a copy of plaintiff's authorization form (Dkt. No. 3), and notify the official that this action has been filed and that plaintiff is required to pay the entire

---

[2] These conditions include the physical size and contents of the cell, together with the lack of programs and human contact allegedly suffered by the plaintiff, resulting in serious mental and physical health consequences. (Compl. ¶¶ 18-43, 44-90).

statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk provide a copy of plaintiff's authorization form (Dkt. No. 3) to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED**, that the Clerk shall issue summonses and forward them, along with a copy of this Order, and a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, to plaintiff's counsel for service upon the named defendants, and

**ORDERED**, that a formal response to plaintiff's complaint be filed by the defendants or defendants' counsel as provided in the Federal Rules of Civil Procedure subsequent to service of process on the defendants, and

**ORDERED**, that the Clerk is directed to schedule a Rule 16 conference.

Dated: February 2, 2017

Hon. Andrew T. Baxter
U.S. Magistrate Judge