UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

IMHOTEP H'SHAKA,

                              *Plaintiff*,

-against-

JOSEPH BELLNIER; MAUREEN BOSCO; DEBORAH MCCULLOCH; JOANNE WALDRON; JOSEPH PORCELLI; KEVIN RANDALL; DAVID LUCIA; JUSTIN DELISLE,

                              *Defendants*.

**ANSWER**

**Jury Trial Demanded**

17-CV-0108

GTS/ATB

---

      Defendants Joseph Bellnier, Maureen Bosco, Deborah McCulloch, Joanne Waldron, Joseph Porcelli, Kevin Randall, David Lucia and Justin Delisle, by their attorney, Eric T. Schneiderman, Attorney General of the State of New York, Bruce J. Boivin, Assistant Attorney General, of counsel, answer the complaint as follows:

      1.     Deny each and every allegation contained in the complaint that alleges or tends to allege that the challenged actions of the defendants were in any way contrary to constitutional, statutory, regulatory, or case law and deny that he is entitled to the relief he seeks in his prayer for relief.

      2.     As to the allegations contained in paragraphs 1, 5, 6, and 7 of the complaint, deny knowledge or information sufficient to form a basis for knowing why plaintiff brought this action, upon what theories he bases the individual causes of action, or what relief plaintiff seeks, but deny that any of plaintiff's constitutional, statutory, or regulatory rights have been violated, and deny that plaintiff is entitled to the relief he seeks.

3. As to the allegations contained in paragraphs 9, 10, 11, 12, 13, 14, 15, and 16 of the complaint admit only that each individual holds the job title listed, but denies the remainder of the allegations contained in the paragraphs and deny that any of the defendants are properly named in this action as they did not violate any of plaintiff's constitutional rights.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, 22, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 38, 40, 46, 49, 52, 53, 55, 57, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 72, 73, 74, 75, 76, 77, 80, 81, 82, 83, 84, 85, 86, 87, 88, 93, 96, 102, 103, 107, 108, 126, and 138 of the complaint.

5. Deny the allegations contained in paragraph 2, 3, 4, 17, 18, 19, 20, 21, 23, 24, 31, 36, 37, 41, 42, 43, 44, 45, 47, 50, 51, 69, 71, 89, 90, 92, 94, 125, 127, 137, 143, 144, 153, 154, 155, 156, 157, 159, 160, 161, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, and 189 of the complaint.

6. As to the allegations contained in paragraph 39, 48, 54, 56, 58, 70, 78, 79, 91, 95, 97, 98, 99, 100, 101, 104, 105, 106, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 128, 129, 130, 131, 132, 133, 134, 135, 136, 139, 140, 141, 142, 145, 146, 147, 148, 149, 150, 151, 152, 158, 162, 163, 164, 165, and 166 of the complaint, respectfully refer the Court to the referenced document as the best evidence of its contents and deny the allegations to the extent they are inconsistent with the referenced document, misrepresent the document, or attempt to interpret the document.

7. Deny any allegation of the complaint not specifically responded to above.

## Defenses

8. The complaint fails to state a claim upon which relief can be granted, at least in part.

9. At all relevant times Defendants Joseph Bellnier, Maureen Bosco, Deborah McCulloch, Joanne Waldron, Joseph Porcelli, Kevin Randall, David Lucia and Justin Delisle acted under the reasonable belief that their conduct was in accordance with clearly established law. They are, therefore, protected under the doctrine of qualified immunity.

10. To the extent that plaintiff has previously litigated any of the claims alleged in the complaint in federal or state court, the complaint is barred, at least in part, under principles of *res judicata* and collateral estoppel.

11. To the extent the complaint seeks relief against the State of New York, the New York State Department of Corrections and Community Services, or defendants in their official capacities, the complaint is barred, in whole or in part, under the Eleventh Amendment.

12. To the extent plaintiff seeks relief for any event described in the complaint occurring more than three years prior to the filing of the complaint, the complaint is barred by the applicable statute of limitations.

13. To the extent plaintiff raises state law claims, they are barred by section 24 of the Correction Law, by the Eleventh Amendment, and by other state law.

14. The complaint is barred, in whole or in part, under the Eleventh Amendment.

15. Defendants Joseph Bellnier, Maureen Bosco, Deborah McCulloch, Joanne Waldron, Joseph Porcelli, Kevin Randall, David Lucia and Justin Delisle are not personally involved in at least some of the alleged constitutional or statutory violations, and they are therefore not liable under 42 U.S.C. § 1983. The doctrine of *respondeat superior* does not apply in civil rights cases, and the complaint should therefore be dismissed.

16. Defendants hereby assert a defense under *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977), which prevents recovery against an employer

whose decision was in part motivated by some wrongful consideration where the employer can show that even in the absence of the wrongful consideration, it would have reached the same decision.

17. Plaintiff has failed to exhaust administrative remedies.

18. To the extent plaintiff has, on three or more occasions, brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, he is barred from proceeding under section 1915.

19. To the extent this action is brought for mental or emotional injury, plaintiff is barred from proceeding without a prior showing of physical injury.

20. Upon information and belief, plaintiff has been convicted of one or more felonies or other crimes for which there are or may be restitution orders pending. Pursuant to section 807 of the Prison Litigation Reform Act of 1995, any compensatory damages to be awarded plaintiff herein shall be paid directly to satisfy any such outstanding orders until paid in full. Therefore, plaintiff is or may not be entitled to any payment herein.

21. Upon information and belief, plaintiff has been convicted of one or more felonies or other crimes. Pursuant to section 808 of the Prison Reform Act of 1995, prior to payment of any compensatory damages to plaintiff, reasonable efforts shall be made to notify the victims of the crime for which plaintiff was convicted and incarcerated. Upon information and belief, plaintiff must be compelled to cooperate in the notification of his victims prior to payment of any judgment herein, or he should be barred from recovery.

22. Defendants Joseph Bellnier, Maureen Bosco, Deborah McCulloch, Joanne Waldron, Joseph Porcelli, Kevin Randall, David Lucia and Justin Delisle hereby demand a trial by jury.

WHEREFORE, Defendants Joseph Bellnier, Maureen Bosco, Deborah McCulloch, Joanne Waldron, Joseph Porcelli, Kevin Randall, David Lucia and Justin Delisle respectfully ask that this Court deny the relief requested, dismiss the complaint, and grant such other relief as to the Court shall seem is just and equitable.

Dated: Albany, New York
May 5, 2017

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendants Joseph Bellnier, Maureen Bosco, Deborah McCulloch, Joanne Waldron, Joseph Porcelli, Kevin Randall, David Lucia and Justin Delisle
The Capitol
Albany, New York  12224-0341

By: *s/ Bruce J. Boivin*
Bruce J. Boivin
Assistant Attorney General, of Counsel
Bar Roll No.   507894
Telephone:     (518) 776-2590
Email: Bruce.Boivin@ag.ny.gov

TO:   Alissa R. Hull, Esq. VIA CM/ECF
Michael E. Cassidy, Esq. VIA CM/ECF
Steven G. Storch, Esq. VIA CM/ECF