UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IMHOTEP H'SHAKA,

                            *Plaintiff,*        **PROTECTIVE ORDER**

      -against-                      17-CV-0108

JOSEPH BELLNIER; JAMES O'GORMAN; MAUREEN    GTS/ATB
BOSCO; DEBORAH MCCULLOCH; JOANNE
WALDRON; JOSEPH PORCELLI; KEVIN RANDALL;
DAVID LUCIA; JUSTIN DELISLE,

                            *Defendants.*
_____

      Pursuant to Federal Rule of Civil Procedure 26(c), it is hereby stipulated and agreed by and between the parties, through their respective counsel, as follows:

      IT IS STIPULATED AND SO ORDERED:

      1.    The terms and conditions of this Order shall govern all disclosure conducted in this action that are designated as defined in paragraph 2 pursuant to the Federal Rules of Civil Procedure and all other information exchanged by the parties or produced by any third party in response to discovery requests or subpoenas.

      2.    The designation "CONFIDENTIAL/ATTORNEY EYES ONLY" shall apply only to the portion of any material, disclosed by a party or a third party, or designated by counsel as "CONFIDENTIAL/ATTORNEY EYES ONLY", and that counsel believes in good faith consists of (1) personnel or employment records; (2) medical information which is protected from

disclosure by statute; or (3) information that could jeopardize institutional or inmate safety and security.

3. The Nondisclosing Attorneys shall not disclose such disclosure marked "CONFIDENTIAL/ATTORNEY EYES ONLY" to persons other than the counsel of record, employees of such counsel of records actively assisting in the conduct of this action, expert witnesses or consultants retained for the purposes of the prosecution, defense, or appeal of this action, any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, the trier of fact, the court reporter, and the Court. To the extent necessary, plaintiff may only view the disclosures designated "CONFIDENTIAL/ATTORNEY EYES ONLY" in the presence of plaintiff's counsel and/or defense counsel and only for the purposes of assisting in the prosecuting or defense of this action and any appeal. Under no circumstances, unless all counsel agree otherwise in writing, shall plaintiff retain copies or take possession of disclosures designated "CONFIDENTIAL/ATTORNEY EYES ONLY".

Notwithstanding anything to the contrary contained herein, nothing in this paragraph shall be interpreted to prevent any party from using any statement of another party or non-party or document drafted by a party or non-party at trial or on appeal, unless the party raising an objection to the use of such statements or documents at trial or on appeal obtains a determination or ruling from the Court preventing the use of such statements or documents at trial or on appeal. Prior to the disclosure of any such statement or document to a witness, the objecting party shall have an opportunity to seek a ruling from the Court.

4. Nothing in this protective order shall be interpreted to prevent any party from using the disclosures designated "CONFIDENTIAL/ATTORNEY EYES ONLY" during any party deposition. The party seeking to review disclosures designated

"CONFIDENTIAL/ATTORNEY EYES ONLY" at any party deposition shall ensure that a separate, confidential transcript is created to protect the testimony and references to the confidential documents. Prior to the disclosure of any testimony maintained in this separate, confidential transcript at any trial, appeal, or subsequent proceeding the party raising an objection to its use shall have the opportunity to seek a ruling from the Court.

5. Nothing set forth in paragraphs 2, 3, or 4 herein shall preclude plaintiff or defendants from calling any person as a witness who is identified in any document marked as "CONFIDENTIAL/ATTORNEY EYES ONLY".

6. The person(s) authorized to by this Agreement to view, possess or otherwise access "CONFIDENTIAL/ATTORNEY EYES ONLY" (hereinafter referred to as "CONFIDENTIAL") information or material shall use such information or material solely for the purpose of this action and any appeals, and solely to the extent necessary for the litigation of this action and any appeals.

7. A copy of this Order shall be delivered to the plaintiff, defendants, and to each person listed in paragraph 3 to whom a disclosure of CONFIDENTIAL information or material is made, at or before the times of the disclosure by the party making the disclosure or that party's counsel. The provisions of this Order shall be binding upon each such person to whom a disclosure of CONFIDENTIAL information or material is made.

8. The parties and their counsel, shall ensure that each person to whom CONFIDENTIAL information or material is disclosed shall keep such CONFIDENTIAL information or material in a secure location to prevent unauthorized disclosure.

9. If any CONFIDENTIAL information or material which is disclosed pursuant to this Order is offered into evidence or otherwise disclosed at the trial of this action, the parties

hereby jointly request that any portion of the trial transcript reflecting such confidential information and any documents received into evidence containing such confidential information shall be made a sealed record until further Order of the Court. In any event, unless counsel agree otherwise, any pages of deposition testimony reflecting confidential information will be treated by the parties as confidential information under this Order.

10. Except as provided above, at the conclusion of this action, plaintiff's counsel shall return the original and any and all copies of the CONFIDENTIAL information or material to the Office of the Attorney General of the State of New York and no copies of said CONFIDENTIAL information or material shall be retained by plaintiff's counsel or each person listed in paragraph 3 above.

11. This stipulation is binding on the parties to it as soon as it is signed by their counsel regardless of whether it is signed by other counsel or so ordered by the Court.

12. The Magistrate shall retain jurisdiction to decide any dispute arising over whether any document was appropriately marked as "CONFIDENTIAL" and/or "ATTORNEY EYES ONLY".

13. The Court retains discretion whether to afford confidential treatment to any confidential document or information contained in any confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order or decision by the Court. A party seeking to have confidential documents filed under seal must submit a proposed sealing order supported by good cause, pursuant to NDNY L.R. 83.13.

Dated: 3/26/18
Ithaca, New York

ALISSA R. HULL, Bar No. 519626

4

Attorney for Plaintiff
Prisoners' Legal Services of New York
Karen Murtagh, Esq. Executive Director
114 Prospect Street
Ithaca, New York 14850
Telephone: (607) 273-2283
Fax: (607) 272-9122
ahull@plsny.org


STEVEN G. STORCH, Bar No. 508375
Attorney for Plaintiff
Storch, Amini PC
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, NY 10017
Telephone: (212) 490-4100
Fax: (212) 490-4208
sstorch@storchamini.com


MICHAEL E. CASSIDY, Bar No. 601118
Attorney for Plaintiff
Prisoners' Legal Services of New York
Karen Murtagh, Esq. Executive Director
24 Margaret Street, Suite 9
Plattsburgh, New York 12901
Telephone: (518) 561-3088
Fax: (518) 561-3262
mcassidy@plsny.org

5

Dated: March 26, 2018
      Albany, New York

                              ERIC T. SCHNEIDERMAN
                              Attorney General of the State of New York
                              Attorney for Defendants
                              The Capitol
                              Albany, New York 12224-0341

                              By: s/ Matthew P. Reed
                              Matthew P. Reed
                              Assistant Attorney General, of Counsel
                              Bar Roll No. 520470
                              Telephone: 518-776-2591
                              Email: matthew.reed@ag.ny.gov


                              IT IS SO ORDERED:

                              *Andrew T. Baxter*
                              Andrew T. Baxter
                              U.S. Magistrate Judge

                              Dated: March 28, 2018
                                          Syracuse, NY