# STORCH AMINI PC

**John W. Brewer**
MEMBER NY BAR

212.497.8238
jbrewer@storchamini.com

July 12, 2018

**BY ECF FILING**

The Honorable Andrew T. Baxter
United States Magistrate Judge
Federal Building and U.S. Courthouse
P.O. Box 7396
Syracuse, New York  13261

Re:   **H'Shaka v. O'Gorman et al., No 17-CV-0108**

Dear Judge Baxter:

We write on behalf of plaintiff Imhotep H'Shaka pursuant to Local Rule 7.1(d)(3) to request a telephonic conference on a discovery dispute that the parties have been unable to resolve via meeting and conferring.  We are hopeful that such a conference may lead to a resolution without the need for formal motion practice or briefing.

One of the key issues in this case is whether the periodic reviews by which the defendants have justified plaintiff's continued detention in solitary confinement (in Clinton Correctional Facility in Dannemora) on an open-ended "Administrative Segregation" (commonly called "Ad Seg") basis are consistent with his due process rights, including as recently set forth by the Second Circuit in *Proctor v. LeClaire*, 715 F.3d 402 (2d Cir. 2017).  In motion papers filed in the District Court, defendants sought to suggest that their reviews of Mr. H'Shaka were meaningful and reasonable by referencing the Ad Seg classification of other prisoners, noting both that:  1) only a small number of prisoners (varying over time but usually between 25 and 30) out of the approximately 50,000 in the entire state prison system are held in solitary on this Ad Seg basis; and 2) several prisoners (three during 2017 as stated in their brief, and a handful of others since 2013, according to subsequent interrogatory answers) had been recommended for release from Ad Seg through the review process.  In their recent Second Circuit brief, filed in response to plaintiff's appeal from the District Court's denial of injunctive relief, they again touted the recommendations to release three prisoners from Ad Seg last year as circumstantial evidence that their Ad Seg review process was not the "sham" with a preordained outcome condemned by *Proctor*.

Mr. H'Shaka then via document request to defendant O'Gorman (the most senior current prison official involved in the Ad Seg review process) sought production of 1) the most recent twelve months' worth of Ad Seg reviews for each prisoner currently held in Ad Seg, and 2) for each prisoner released from Ad Seg since 2013, the Ad Seg reviews for the twelve months prior to the release decision.  Defendants objected on the ground of alleged lack of relevance to Mr.

H'Shaka's claims, despite having themselves put their treatment of other Ad Seg inmates at issue in their motion papers. Plaintiffs' counsel has sought to resolve this issue with defense counsel not only via exchange of correspondence following receipt of the defendants' formal objections to the document request, but in a face-to-face discussion of the requested documents' relevance that took place at defense counsel's offices after a deposition had been completed, but the parties are at an impasse. We believe the relevance is obvious and that even if relevance were to be thought marginal, the burden of production is not onerous – the number of pages per prisoner may vary from approximately 12 to approximately 36 (the documentation of each periodic review, if those done for Mr. H'Shaka are representative, is typically two or three pages long, and defendants have recently shifted from doing them every two months to doing them every month) and the total number of prisoners involved is on the order of 30 individuals.

We are available for a telephonic conference at the Court's convenience.

Respectfully submitted,

John W. Brewer

cc: All Counsel of Record (via ECF)